CITY OF BROOKFIELD, Respondent, v. GROPPI and others, Appellants.

*No. 270. Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 96.)

For the appellants the cause was submitted on the brief of *William M. Coffey* and *John D. Murray*, both of Milwaukee, and for the respondent on the brief of *Schmus & Panosian* of West Allis.

PER CURIAM. On September 21, 1969, the appellants James E. Groppi, Francis X. Blair, Ernesto Chacon, Betty Harris, and Lawrence Gantt were arrested in the city of Brookfield, Wisconsin, for picketing before and about the residence of Assemblyman Kenneth Merkel, in violation of sec. 9.25 of the city of Brookfield code of ordinances (also known as Ordinance 502), which prohibits residential picketing. On January 22, 1970, they were found guilty and a forfeiture was imposed by the county court of Waukesha county after a trial. A motion to dismiss on the ground the city ordinance was unconstitutional was denied. On April 24, 1970, an appeal to review the judgment of conviction and the order denying dismissal was affirmed by the circuit court for Waukesha county; such affirmance was then appealed to this court. The sole question raised is the constitu-

tionality of city of Brookfield's ordinance, which reads
as follows:

## "9.25 Residential Picketing Prohibited.

"(1) *Declaration.* It is hereby declared that the protection and preservation of the home is the keystone of democratic government; that the public health and welfare and the good order of the community require that members of the community enjoy in their homes and dwellings a feeling of well-being, tranquility, and privacy, and when absent from their homes and dwellings, carry with them the sense of security inherent in the assurance that they may return to the enjoyment of their homes and dwellings; that the practice of picketing before or about residences and dwellings causes emotional disturbance and distress to the occupants; obstructs and interferes with the free use of public sidewalks and public ways of travel; that such practice has as its object the harassing of such occupants; and without resort to such practice full opportunity exists, and under the terms and provisions of this ordinance will continue to exist for the exercise of freedom of speech and other constitutional rights; and that the provisions hereinafter enacted are necessary for the public interest to avoid the detrimental results herein set forth and are enacted by the Common Council of the City of Brookfield pursuant to the provisions of Section 62.11 (5) of the Wisconsin Statutes.

"(2) It shall be unlawful for any person to engage in picketing before or about the residence or dwelling of any individual. Nothing herein shall be deemed to prohibit (1) picketing in any lawful manner during a labor dispute of the place of employment involved in such labor dispute, or (2) the holding of a meeting or assembly on any premises commonly used for the discussion of subjects of general public interest."

There has been filed in this court a stipulation of the parties that this case may be determined by the court on printed briefs and without oral arguments. The constitutionality of an identical city ordinance prohibiting residential picketing was upheld by this court on January 8, 1971, in *Wauwatosa v. King* (1971), 49 Wis.

2d 398, 182 N. W. 2d 530. The decision in the *King Case* is determinative of the issues raised on this appeal and we hold the city ordinance number 502 of the city of Brookfield is constitutional and therefore affirm the judgment and order appealed from.

*By the Court.*—Judgment and order affirmed.